# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK ANTHONY NEWTON,<br><br>Defendant. | Case No. 2:13-cr-000398-APG-GWF<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO VACATE SENTENCE**<br><br>(ECF No. 61) |

Defendant Mark Newton moves to correct his sentence under 28 U.S.C. § 2255. He challenges three aspects of his sentence: (1) his enhancement under the Armed Career Criminal Act ("ACCA"), (2) his conviction for a crime of violence under 18 U.S.C. § 924(c) based on his commission of Hobbs Act robbery, and (3) his crime of violence enhancement under U.S.S.G. § 4B1.2. Newton contends that intervening Supreme Court caselaw, particularly *Johnson v. United States*, renders all of these convictions and enhancements unconstitutional.

The government concedes that Newton's ACCA enhancement is unconstitutional, and I agree. But as to the other two, the Ninth Circuit has made clear that Hobbs Act robbery qualifies as a crime of violence under § 924(c), and it has been equally clear that Newton's relevant convictions qualify as crimes of violence under § 4B1.2. I therefore grant Newton's motion as to his ACCA enhancement, but I deny it as to his § 924(c) conviction and his § 4B1.2 sentencing enhancement.

## Discussion

### A. Newton's § 924(c) conviction predicated on Hobbs Act robbery

Newton's conviction under section 924(c) requires that he committed a "crime of violence." A crime of violence is defined, as is relevant here, as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of

another."[1] Thus, one commits a crime of violence by either threatening, or actually using, physical force against a victim or his property. In the context of the ACCA, the Supreme Court has interpreted "physical force" to mean "violent force—that is, force capable of causing physical pain or injury to another person."[2] And courts have commonly applied this interpretation to § 924(c)'s force clause.[3]

The predicate conviction I used in sentencing Newton for the § 924(c) conviction was Hobbs Act robbery.[4] The Hobbs Act defines robbery with language similar to § 924(c), prohibiting "threatened" or actual "force": "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining."[5] Newton contends that Hobbs Act robbery can be committed by merely instilling "fear" in a victim and that this does not equate to § 924(c)'s definition. He also contends that one can commit this crime with de minimis force, which is not enough to be "violent force."

---

[1] 18 U.S.C. § 924(c). The parties also dispute whether Newton's crime might qualify as a crime of violence under another portion of § 924(c), referred to as the residual clause. But because I hold that Newton qualifies for the crime-of-violence conviction without resorting to that clause, I need not address this thorny issue.

[2] *Johnson v. United States*, 559 U.S. 133, 140 (2010).

[3] *United States v. Bell*, 2016 WL 344749 at *2 (N.D. Cal. Jan. 28, 2016).

[4] Newton pled guilty to Hobbs Act robbery under 18 U.S.C. § 1951 and to using a firearm in commission of this robbery under § 924(c). ECF Nos. 40, 42.

[5] 18 U.S.C. § 1951.

But the Ninth Circuit has held as recently as last year that Hobbs Act robbery qualifies as a crime of violence.[6] In *U.S. v. Howard*, the court explained in an unpublished decision that there is no way to commit Hobbs Act robbery without putting the victim in fear of bodily harm—and that this sort of fear qualifies as actual or threatened physical force under § 924(c). District courts have repeatedly held that Hobbs Act robbery qualifies as a crime of violence under § 924(c) because, by "placing someone 'in fear of injury' to his person or property," the defendant uses the sort of "physical force" that satisfies § 924(c).[7]

As to whether one can commit Hobbs Act robbery with too little force to qualify as the sort of violent force contemplated by § 924(c), I agree with the weight of authority that finds this argument "unavailing."[8] Even if there is some theoretical possibility that one could commit

---

[6] *United States v. Howard*, 650 F. App'x. 466, 468 (9th Cir. 2016) (holding Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) by comparing it to federal bank robbery under § 2113(a) and relying on *Selfa*).

[7] *United States v. Smith*, 2016 WL 2901661, at *4 (D. Nev. May 18, 2016); *see also U.S.A. v. Dorsey*, 2016 WL 3381218, at *2 (C.D. Cal. June 8, 2016); *United States v. Bundy*, 2016 WL 8730142, at *24 (D. Nev. Dec. 30, 2016); *United States v. Hill,* 832 F.3d 135, 144 (2d Cir. 2016); *In re Saint Fleur,* 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. Crawford*, 2016 WL 320116, *3 (N.D. Ind. Jan. 27, 2016) (denying defendant's motion to dismiss indictment charging him with § 924(c) offense based on a Hobbs Act robbery); *United States v. Pena*, 2016 WL 690746, *8 (S.D.N.Y. Feb. 11, 2016) (same); *United States v. Coleman*, 2016 WL 1435696, *2-3 (N.D. Ill. Apr. 12, 2016) (same); *United States v. Williams*, 179 F. Supp. 3d 141, 144–55 (D. Me. Apr. 15, 2016) (same); *United States v. McCallister*, 2016 WL 3072237, *1 (D.D.C. May 31, 2016) (same); *United States v. Barrows*, 2016 WL 4010023, *2–6 (D. Nev. July 25, 2016) (same); *United States v. Nguyen*, 2016 WL 4479131, *2–3 (D. Kan. Aug. 25, 2016); *United States v. Davis*, 2016 WL 6473074, *4 (N.D. Cal. Nov. 2, 2016); *United States v. Evans,* __ F.3d __, No. 16-4094 (4th Cir. Feb. 2, 2017) (holding that federal carjacking, which can be accomplished "by force and violence or by intimidation," qualifies as a crime of violence under § 924(c)).

[8] *United States v. Johnson*, 2016 WL 7223264, at *3 (C.D. Cal. Dec. 12, 2016); *see also United States v. Casas*, 2017 WL 1008109, at *3 (S.D. Cal. Mar. 14, 2017); *United States v. Bailey*, 2016 WL 3381218, at *4-5 (C.D. Cal. June 8, 2016); *United States v. Lenzy*, 2016 WL 1019712, at *3 (N.D. Ga. Feb. 4, 2016); *United States v. Williams*, 179 F. Supp. 3d 141, 151-52 (D. Me. 2016).

Hobbs Act robbery using de minimis force—and I am not convinced there is—Newton must demonstrate that there is "a realistic probability, not a theoretical possibility" that this is so.[9] "To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the [ ] courts in fact did apply the statute in the . . . manner for which he argues."[10]

Newton has not demonstrated a reasonable likelihood that anyone was convicted for Hobbs Act robbery when using de minimis force. He does not offer a single case where that occurred. Instead, he relies on different crimes or cases about common law robbery, none of which proves that there is a realistic possibility anyone is being convicted for Hobbs Act robbery when using de minimis force. Newton thus has not shown that his § 924(c) conviction is infirm.

**B. Newton's enhancement under § 4B1.2 of the sentencing guidelines**

Under § 4B1.1(a), a defendant qualifies as a career offender if he has at least two prior convictions for a "crime of violence." The Guidelines define a "crime of violence" as any offense that either "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another" or "(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

The first clause is sometimes referred to as the "force" clause. The second clause, the "enumerated offense clause," lists specific crimes that will qualify if the crime of conviction is a categorical match for the elements of the generic listed offenses. The language in subsection (a)(2) refering to crimes that otherwise involve conduct presenting a serious risk of physical injury is known as the "residual" clause. Thus there are three potential clauses for a prior

---

[9] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013) (quotation omitted).

[10] *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

conviction to qualify under: (1) the force clause, (2) the enumerated offenses clause, and (3) the residual clause. Newton's sentence was enhanced, in part, based on his two convictions for Nevada robbery under Nevada Revised Statute § 200.380.[11] I must therefore determine whether those convictions qualify under one of these three clauses.

As a preliminary note, the parties do not address whether Newton's state convictions qualify as crimes of violence under the residual clause. This may be because, at the time the parties filed their briefing, the Supreme Court was considering whether to strike down that clause as unconstitutional. But the Supreme Court recently clarified that the Guidelines' residual clause is indeed constitutional, and it would appear that a conviction under Nevada Revised Statute § 200.380 would qualify under it.[12]

But even if this conviction did not qualify under the residual clause, the Ninth Circuit has expressly held that it qualifies under the enumerated offenses clause.[13] In *United States v. Harris*, the Ninth Circuit held that a § 200.380 conviction qualifies as a crime of violence under the Guidelines because any way a defendant commits this crime, it will qualify as either generic robbery or generic extortion.[14] Because there is no way to violate the statute without meeting the requirements of one of § 4B1.1(a)'s enumerated offenses, the court held that a conviction under this statute categorically qualifies as a crime of violence.[15]

Newton contends that *Harris* has been undermined because the Supreme Court rejected this "either or" theory in *Descamps v. United States*, 133 S. Ct. 2276 (2013). Newton's reading

---

[11] Newton also has multiple convictions for California robbery, but because he qualifies based on his Nevada convictions alone, I need not consider whether the California convictions qualify.

[12] *Beckles v. United States*, 137 S. Ct. 886 (2017).

[13] *See United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009).

[14] *Id.*

[15] *Id.*

of *Descamps* is that a prior conviction must categorically qualify as a single enumerated offense, and that courts cannot mix and match elements. So a conviction must be equivalent to either robbery or extortion, but not both.

But *Descamps* says no such thing. There, the Supreme Court addressed the sorts of materials courts can consult when trying to figure out whether a prior conviction is a categorical match for an enumerated offense—it never reached the question whether a prior conviction can qualify as alternate enumerated offenses.[16] And the Ninth Circuit's recent caselaw confirms that *Harris*'s either-or analysis is the right approach. This approach was first applied in *United States v. Becerril-Lopez,* which held that a California robbery statute qualified as a crime of violence because any commission would be equivalent either to robbery or extortion.[17] *Harris* then applied *Becerril-Lopez* to Nevada's robbery statute.[18] Just this last year, the Ninth Circuit confirmed in an unpublished decision that *Becerril-Lopez* and *Harris*'s either-or approach remains good law: "In *Becerril-Lopez* . . . the Court reasoned that a defendant who commits robbery . . . necessarily commits either generic robbery or generic extortion, and thus categorically commits a crime of violence. . . . This holding is undisturbed."[19]

In light of this authority, I deny Newton's motion as to his conviction under § 924(c) and his enhancement under § 4B1.2. But I grant it as to his ACCA enhancement.

---

[16] *Descamps*, 133 S.Ct. at 2281 ("This case presents the question whether sentencing courts may also consult those additional documents when a defendant was convicted under an 'indivisible' statute—i.e., one not containing alternative elements—that criminalizes a broader swath of conduct than the relevant generic offense.").

[17] *United States v. Becerril-Lopez*, 541 F.3d 881, 892 (9th Cir. 2008).

[18] *Harris*, 572 F.3d at 1066.

[19] *United States v. Tate*, 659 F. App'x 386, 388 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1333 (2017) (quotation omitted).

**Conclusion**

IT IS THEREFORE ORDERED that defendant Newton's motion under 28 U.S.C. § 2255 **(ECF No. 61) is GRANTED IN PART AND DENIED IN PART** as more fully explained above.

IT IS FURTHER ORDERED that a hearing to resentence Newton is scheduled for **Tuesday, September 5, 2017 at 9:30 a.m**. The parties may file sentencing memoranda by **Monday, August 28, 2017**.

DATED this 15th day of May, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE