**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:13-cr-00398-APG-GWF |
| Plaintiff | **Order Denying Motion for Compassionate Release** |
| v. | [ECF No. 83] |
| MARK ANTHONY NEWTON, | |
| Defendant | |

Mark Newton pleaded guilty to Interference with Commerce by Robbery, Use of a Firearm During and in Relation to a Crime of Violence, and Felon in Possession of a Firearm. He was sentenced to 290 months in custody followed by five years of supervised release. ECF No. 79. His release date is in February 2040. *See* https://www.bop.gov/inmateloc/ (last visited 7/7/26). He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A). ECF No. 83.

The compassionate release statute authorizes courts to reduce a defendant's prison term, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Newton submitted a request for compassionate release to the warden, which Newton claims was denied. ECF No. 83 at 3, 19. For purposes of this motion, I will assume the warden did not respond within 30 days. Thus, I deem Newton to have exhausted his administrative remedies.

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons." I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must also

be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." 18 U.S.C. § 3582(c)(1)(A)(i) (referring to U.S.S.G. § 1B1.13(2)).

Newton does not offer any "extraordinary and compelling" reasons to justify releasing him early. He checked boxes on the motion form saying (1) he is over 65 and experiencing serious deterioration of his health, and (2) his immediate family member is incapacitated and he is the only available caregiver. ECF No. 83 at 5. He attaches his request to the warden stating his "granddaughter has a mental disability" and medical records indicating a urination problem and the need for dentures. *Id*. at 19, 21-25. He does not explain why his daughter and son-in-law (whom he intends to live with) or some other relative or person cannot care for his granddaughter. Nor does he demonstrate that his medical issues are so profound as to be beyond the treatment capabilities of the Bureau of Prisons. Thus, I cannot find any "extraordinary or compelling reasons" to grant compassionate release.

I THEREFORE ORDER that Newton's motion for early release **(ECF No. 33) is denied without prejudice.**

DATED this  day of July, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2